IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 25 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| WILLIAM K., Individually and as Next Friend of C.K., a minor child, § § § *Plaintiff,* § § v. § § HARLINGEN CONSOLIDATED § INDEPENDENT SCHOOL DISTRICT and § LUCIUS D. BUNTON, HEARING OFFICER § FOR THE TEXAS EDUCATION AGENCY, § *Defendants.* § | Civil Action No. B-00-125 |

**DEFENDANT TEA'S MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, an appointed hearing officer of the Texas Education Agency ("TEA"), by and through his attorney of record, Texas Attorney General John Cornyn, and the undersigned Assistant Attorney General, Valerie R. Esparza, and files this TEA's Motion to Dismiss in response to Plaintiff's First Amended Original Complaint and Application for Declaratory Judgment and Injunctive Relief. Defendant would respectfully show the Court:

I.

**Statement of the Case**

At all times pertinent to this lawsuit, C.K. is a ten year old student who is disabled within the meaning of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq. See generally* Plaintiff's Original Complaint at 2, ¶ 6. On or about June 21, 2000, Plaintiff requested an appeal of a decision by co-defendant, Harlingen Consolidated Independent School District. *Id.* at 6, ¶ 16. The

gravamen of the claim asserted was that the school district "den[ied] C.K. the services [residential placement] recommended" by three of C.K.'s doctors. *Id.* Plaintiff disagrees with the TEA Hearing Officer's decisions/rulings during this administrative proceeding. Specifically, Plaintiff is upset that the hearing officer entered an Order Granting Respondent's [HCISD] Motion to Compel a Comprehensive Individual Assessment and denied Plaintiff's Motion for Clarification. *Id.* at 7-8, ¶¶ 19, 22.

Plaintiff filed his First Amended Original Complaint on or about August 29, 2000. Plaintiff does not seek monetary damages from TEA or its hearing officer, but is asking the Court for declaratory and injunctive relief.

## II.
### Argument and Authorities

A court should dismiss a suit under FED. R. CIV. P. 12(b) where "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957). Plaintiff herein can prove no set of facts against Texas Education Agency where Plaintiff has stated a claim upon which relief may be granted. Therefore, Plaintiff's claims should be dismissed in their entirety with prejudice.

**A.    Plaintiff has not stated a viable cause of action against TEA.**

In his complaint, Plaintiff goes into detail as to his claims against the school district. *See generally* Plaintiff's First Amended Original Complaint. However, Plaintiff hardly mentions TEA–only to state that he filed an appeal with TEA, and that some motions during the pending administrative proceeding have been granted and/or denied by the hearing officer. *See* Plaintiff's First Amended Original Complaint ¶¶ 16, 19, 22.

It seems from his complaint that Plaintiff is dissatisfied with either (1) the Hearing Officer's rulings and/or (2) the school district's individualized education program (IEP) for her son and the denial of residential placement. *See generally* Plaintiff's First Amended Original Complaint. The purpose of IDEA is "principally to provide handicapped children with a free appropriate public education which emphasizes special education and related services designed to meet their unique needs." *School Committee of Town of Burlington, Mass. v. Department of Educ. of Mass*, 471 U.S. 359, 369, 105 S.Ct. 1996, 2002 (1985).

In his complaint, it appears that Plaintiff is disagreeing with the TEA Hearing Officer's rulings without allowing the hearing officer to enter findings whether the school district is providing such a free appropriate public education (FAPE) for her son or if residential placement is more appropriate. If this is the case, Plaintiff can simply appeal the pending hearing decision under 20 U.S.C. § 1415(i) and TEA or its hearing officer does not need to be joined as a party. An appeal from a hearing officer's decision does not impute liability onto TEA. Any finding that the TEA Hearing Officer committed errors in the hearing pursuant to IDEA would not impute third-party liability for such error to TEA. *See Fritschle v. Andes*, 25 F.Supp.2d 699, 705 (D. Maryland 1998).

Furthermore, Plaintiff has not accused TEA of any wrongdoing. "One relevant factor in determining the State's liability is the State agency's relative degree of responsibility . . . if the State agency is primarily at fault, the State agency is liable, but if the local agency is primarily at fault, the State is not liable." *Gordon v. Board of Educ. of Howard County*, 22 F.Supp.2d 499, 501 (D. Maryland 1998). Neither TEA nor its hearing officer is a proper defendant in this cause of action. Plaintiff has not and cannot allege a claim where TEA would be liable to him.

## III.
## Conclusion

Plaintiff has failed to state a claim upon which relief can be granted. As such, her claims against TEA should be dismissed.

## IV.
## Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant Texas Education Agency respectfully requests dismissal of Plaintiff's claims against it with prejudice. Defendant further prays for attorney's fees, costs, and any and all such further relief to which it may be justly entitled, both at law and in equity.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

TONI HUNTER
Chief, General Litigation Division

_____
VALERIE R. ESPARZA
State Bar No. 24002059
Southern Dist. No. 23621
Attorney in Charge
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Certified Mail, Return Receipt Requested, on September 22, 2000, to:

WILLIAM KIMBALL
KOPPEL, EZELL, JACKSON & KIMBALL, L.L.P.
312 East Van Buren
P. O. Box 2878
Harlingen, Texas 78550

_____
VALERIE R. ESPARZA
Assistant Attorney General