*10*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM K., Individually and as Next Friend of C.K., a minor child | § § § | |
| V. | § | CASE NO. B-00-125 |
| HARLINGEN CONSOLIDATED INDEPENDENT SCHOOL DISTRICT AND LUCIUS D. BUNTON, HEARING OFFICER FOR THE TEXAS EDUCATION AGENCY | § § § § § § | |

United States District Court
Southern District of Texas
FILED

OCT 0 6 2000

Michael N. Milby
Clerk of Court

## MOTION TO SET PRELIMINARY INJUNCTION HEARING

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**NOW COMES**, Plaintiff, William K., Individually and as Next Friend for C.K., a minor child, (hereinafter sometimes referred to as "Plaintiff"), who respectfully requests that his Motion for Preliminary Injunction be set for hearing, and in support hereof, Plaintiff would show as follows:

1. This suit was filed by the Plaintiff on or about August 14, 2000. The Harlingen Consolidated Independent School District ("HCISD") and the Texas Education Agency ("TEA") have both made an appearance in this lawsuit.

2. Plaintiff's son, C.K. is currently being denied educational benefits guaranteed to him as a child with a disability, under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400, et. seq. Any further delays in deciding whether or not a preliminary injunction will be granted by this honorable court, will cause C.K. further educational damages which are irreparable.

3. The current TEA hearing officer, Mr. Stephen Webb, has represented to the parties during the last telephonic hearing, that he will abide by the rulings of this court concerning Plaintiff's and C.K.'s

1

procedural rights under IDEA and under the Texas and federal constitutions[1]. See a true and correct copy of the transcript of the relevant portion of said hearing, attached hereto as Exhibit "A".

4. Mr. Stephen Webb has set this matter for final hearing for October 26-27, 2000. At the final hearing, Mr. Webb will make his decision as to whether C.K. shall be afforded placement in a residential special education facility. Before that hearing can take place, this Court must clarify Plaintiff's and C.K.'s rights under IDEA and the Texas and federal constitutions with regard to HCISD's efforts to obtain an reevaluation of C.K. Accordingly, a preliminary injunction hearing should be immediately set.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that a preliminary injunction hearing be immediately set. Further, Plaintiff requests such other and further releif as this Court deems just in this matter.

Respectfully submitted,

**KOPPEL, EZELL, JACKSON & KIMBALL, L.L.P.**
Post Office Box 2878
312 E. Van Buren
Harlingen, Texas 78551
Tel. (956) 425-2000
Fax No. (956) 421-4258

BY: _William Kimball_
William Kimball
State Bar #11418700
Fed. I.D. No. 6159

---

[1] The parallel administrative proceeding is styled: **Christopher K. B/N/F William K. v. Harlingen Consolidated Independent School District**, Docket No. 388-SE-600, Before a Special Education Hearing Officer for the State of Texas.

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was on this 4th day of October, 2000, sent via certified mail, return receipt requested to: Ms. Bridget Robinson, **Walsh, Anderson, Brown, Schulze & Aldridge, P.C.**, P.O. Box 2156, Austin, Texas and Ms. Valerie R. Esparza, **Assistant Attorney General**, General Litigation Division, P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548.

_William Kimball_
William Kimball

SW:  Pardon me?

WFK:  It was just recently filed. It was filed last week.

SW:  Do you have some kind of Order that restricts me from going forward on this case?

WFK:  No, there is no Order, in fact I did name Mr. Bunton the party just to have the that to have some authority over the proceeding, but then he withdrew and then you came on to this thing. So, there's no authority at this time and, ahh, of course I've gotta wait for the answer period to go by, 20 days to go by and then I'm gonna make a Motion for a Preliminary Injunction hearing. And would I be asking you as the hearing officer to do is is to hold off and wait to hear what the Federal Court has to say about these procedural rights. And, umm, make a ruling thereafter you know. That is a question I have today, is to how we should proceed with this to have the Federal Court ruling finding upon this Administrative Procedure. Now that Mr. Bunton is out, obviously he's been taken out of the party, is the whole reason why he was a party in the first place. Was to just have him (papers rustling) sort of finding effective upon administrative proceedings, by the Southern District of Texas as a ruling.

SW:  Well, is that the only way you can think of to for him to be bound as a trier fact as to list him as a party?

WFK:  Well, that, you know, I researched that for a number of days trying to figure out how to do it without naming him as a party and I really couldn't figure out a way to do it. I mean the cases that go back the cases go back to the pre-mandamus days, you know, the Federal courts have outlawed mandamus I think the last '60's or early '70's and the cases I saw before that were cases which were mandamus cases dealing with administrative proceedings and so what I kinda did is I substituted the mandamus proceeding for a preliminary injunction but use the same format as naming the hearing officer as the as one of the responding parties in the case. And, uhhh....

SW:  The reason why I say this is because if you feel the best way to do it is to name the hearing officer as a party and you name me as a party then in all likelihood the exact same thing will happen again. And you'll just be given another hearing officer.

WFK:  Well, I don't want that, you know, umm, how can we get a ruling from the Federal Court and still maintain, you know, some sort of authority over you, I mean if I just have 'em put, if I had the case, ahh, myself vs. the School District alone the hearing officer as you gonna be waiting for that opinion and follow that opinion?

SW:  Well.

WFK:  Are you bound by that opinion?

SW:  Well, I yield to the authority of any Federal Judge you can just, you can bring to me.

WFK:  That's all I need to hear.

EXHIBIT A