IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM K., Individually and as Next Friend of C.K., a minor child | § § § | |
| V. | § | CASE NO. B-00-125 |
| HARLINGEN CONSOLIDATED INDEPENDENT SCHOOL DISTRICT AND LUCIUS D. BUNTON, HEARING OFFICER FOR THE TEXAS EDUCATION AGENCY | § § § § § § | |

## FIRST SUPPLEMENTAL BRIEF IN SUPPORT OF PRELIMINARY INJUNCTION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**NOW COMES**, Plaintiff, William Kimball, individually and as next friend for C.K., a minor child, and in support hereof, Plaintiff would show the Court as follows:

1. Attached hereto as Exhibit "A" and incorporated herein by reference for all purposes is a true and correct copy of an Order signed and entered by the Hearing Officer for the Texas Education Agency ("TEA") in the administrative hearing currently pending.

2. As shown by Exhibit "A", the administrative hearing may be dismissed unless this Court takes immediate action to enjoin the TEA and the Harlingen Consolidated Independent School District, ("HCISD")[1].

3. Exhibit "A" demonstrates that unless immediate injunctive relief is granted by this Court that the Plaintiff and C.K. will be irreparably harmed.

---

[1] The current hearing officer, Mr. Stephen Webb, has given some indication in said October 6, 2000 Order, that he is willing to reconsider the previous orders of Lucius Bunton, the prior hearing officer.. Accordingly, Plaintiff herein has filed a motion in the administrative proceeding asking for Mr. Webb to reconsider the previous rulings of Mr. Bunton, (which are also at issue in this litigation), if in fact Mr. Webb is inclined to do so.

1

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that a preliminary injunction hearing be immediately set and that the Court grant Plaintiff's Motion for a Preliminary Injunction as requested in Plaintiff's First Amended Original Complaint. Further, Plaintiff requests such other and further releif as this Court deems just in this matter.

Respectfully submitted,

**KOPPEL, EZELL, JACKSON & KIMBALL, L.L.P.**
Post Office Box 2878
312 E. Van Buren
Harlingen, Texas 78551
Tel. (956) 425-2000
Fax No. (956) 421-4258

BY: /s/ William Kimball
William Kimball
State Bar #11418700
Fed. I.D. No. 6159

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was on this 12th day of October, 2000, sent via certified mail, return receipt requested to: Ms. Bridget Robinson, **Walsh, Anderson, Brown, Schulze & Aldridge, P.C.**, P.O. Box 2156, Austin, Texas and Ms. Valerie R. Esparza, **Assistant Attorney General**, General Litigation Division, P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548.

/s/ William Kimball
William Kimball

2

RECEIVED OCT 1 0 2000

DOCKET NO. 388-SE-600

| | | |
|---|---|---|
| CHRISTOPHER K. b/n/f WILLIAM K. | § | BEFORE A SPECIAL EDUCATION |
| | § | |
| V. | § | HEARING OFFICER FOR THE |
| | § | |
| HARLINGEN | § | |
| INDEPENDENT SCHOOL DISTRICT | § | STATE OF TEXAS |

## ORDER

On August 21, 2000, I heard the arguments of the counsel for the parties on certain issues raised during the prosecution of this case. The parties supplemented their arguments with briefs filed in support of each positive. This order rules on the issues presented to the Hearing Officer.

Respondent has filed a Motion to Dismiss or, in the Alternative, a Motion to Stay the proceeding based on the refusal of Petitioner's next friend to consent to an evaluation to be performed by an expert for the District. Respondent cites the prior ruling by former Hearing Officer Lucious Bunton which denied identical relief. Respondent asserts that *res judicata* precludes the Petitioner from reurging his position regarding the right to attend or video tape Respondent's evaluation. I believe that Hearing Officer Bunton's ruling on this matter to be interlocutory and I do not concur that the Petitioner is prohibited from raising the objections to the District's evaluation.

Substantitively, Respondent cites *Andress v. Cleveland* as authority for its unconditional right to evaluate Christopher. Respondent also directs the Hearing Officer to the court authority which appears to support the unilateral right of a school district to choose and perform an evaluation.

Petitioner's objections to the evaluation are rooted in his concern that District's expert may be biased and may not perform a sound evaluation. He has proposed various methods to attend, view surreptitiously, or otherwise, review a recording of the evaluation. He also has contended that *Andress* has been "effectively overruled" by Congressional amendments to IDEA and which emphasize expanded access to educational results. Petitioner insists that the District's refusal to make the test results/recording available to parents is without support.

In the main, I feel compelled to rule with the District on this issue. I am not inclined to conclude that a decision of the Fifth Circuit has been "overruled" without clearer, more objective support for such a conclusion. I do believe that the District has right to perform an evaluation of a student using the expert of its own choosing and in a manner that is unfettered by the participation/interference of a party other than the evaluator. The remedy for the parent is the IEE to contradict the results of the District's evaluation. I am not convinced, however, that the District is entitled to perform an evaluation outside of the presence of the parent in a manner that does *not* interfere with the evaluation. I am even less impressed with the District's argument that the Petitioner is not even entitled to a discreetly recorded videotape of the evaluation. I have not seen persuasive authority for the proposition that the District is entitled to an evaluation that is <u>confidential</u> to the District, save for the evaluating expert's report.



EXHIBIT "A"

For this reason, I am inclined to stay, rather than dismiss this proceeding until the District has been allowed to perform its evaluation. The issue of whether the evaluation can be viewed or recorded without contamination of the results is a fact issue that is subject to move comprehensive analysis than has, thus far, been provided. Without the evaluation, however, the District should not be required to prosecute this case further.

Functionally, it is not necessary for me to rule on the remaining disputed issues. However, pending the resolution of the conflict surrounding Christopher's evaluation, the parties are entitled to direction on the remaining issues.

Respondent has asked that a deposition of Petitioner's expert witnesses Dr. Joseph Biedermand, M.D. and Ellen Braaton, Ph.D., both of Boston, Massachusetts, be restricted to a video deposition only. I do not find Respondent's arguments in support of this request convincing. I am more persuaded by Petitioner's arguments regarding the basic due process right of a litigant to obtain the testimony of an expert. While the issue of the use of the deposition is certainly not ripe for a ruling, I was also not convinced by Respondent's assertions that the depositions, once obtained, cannot be substituted for their live testimony at the hearing. I see nothing in the law that would dictate that the testimony of a witness who is made available for cross examination is otherwise inadmissable during an evidentiary hearing.

Finally, I am aware that the Petitioner has sought to litigate certain issues in this case in federal court. This is certainly Petitioner's right. However, unless I am specifically enjoined by an order of a competent court with controlling authority, I do not intend to abate my consideration of this due process hearing. I will continue to issue rulings on matters brought before me, such as the motions that the subject of this order.

Accordingly, it is hereby ORDERED that all further proceeding in this case, except for further motions directed to the Hearing Officer, are stayed until October 26, 2000. Disclosure in this case need not be served on October 18, 2000. On October 26, 2000, the Hearing Officer shall convene a prehearing conference at 10:00 a.m. for the purpose of hearing arguments from the parties on whether the case should be dismissed.

ISSUED in Austin, Texas this 6th day of October, 2000.

Stephen P. Webb
Special Education Hearing Officer

**SERVICE LIST:**

**Christopher K.:**
William Kimball
Koppel, Ezell, Jackson & Kimball
  Skaggs & Koppel Building
312 East Van Buren
P.O. Box 2878
Harlingen, Texas 78551

**Harlingen ISD:**
Denise Anderson
Walsh, Anderson, Brown, Schulze
  & Aldridge, P. C.
P.O. Box 2156
Austin, Texas 78768