13

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 4 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| WILLIAM K., Individually and as next friend | § | |
| of C.K., a minor child | § | |
| | § | |
| vs. | § | Civil Action No. B-00-125 |
| | § | |
| HARLINGEN CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT and | § | |
| LUCIUS D. BUNTON, HEARING | § | |
| OFFICER FOR THE TEXAS | § | |
| EDUCATION AGENCY | § | |

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
### TO DEFENDANT'S MOTION TO DISMISS

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Defendant, the Harlingen Consolidated Independent School District (Harlingen CISD), and files this reply to Plaintiff's[1] response to Defendant's Motion to Dismiss. In support of its reply, Defendant shows as follows:

1.      Defendant hereby incorporates by reference all factual assertions in its Original Answer, Motion to Dismiss and Response to Plaintiff's Motion for Protective Order as if stated fully herein.

2.      Despite Plaintiff's characterization of the due process proceedings in the currently pending State matter, Plaintiff has not show his entitlement to relief by this Court and his claims should be dismissed.

3.      The matter before the Hearing Officer in Plaintiff's due process proceedings has not been resolved.  Although the Hearing Officer issued a Order regarding some of the pending matters

---

[1]      For purposes of reference and continuity, William shall be referred to as "Plaintiff" while the minor child shall hereinafter be referred to as C.K.

before that judicial body, the Hearing Officer specifically reserved ruling on whether Plaintiff may attend the examination of the minor child CK, whether in person or by some other remote means, and further set the matter for hearing on October 26, 2000. Plaintiff's assertion that the Hearing Officer "ignored and refused to consider" his arguments is simply without merit. *See Plaintiff's Response to Motion to Dismiss (Response),* at 5, ¶ 13.

4.      Plaintiff is, in essence, seeking for this Federal Court to review the interlocutory orders of the Hearing Officer. Absent a final order or a specific statutory provision which would allow for an interlocutory appeal, this Court lacks subject matter jurisdiction over Plaintiff's claims. *In re Grand Jury Proceedings,* 43 F.3d 966, 969 (5th Cir. 1994). The interlocutory nature of the orders issued in the proceedings below are evidenced by the Hearing Officer's own characterization of such orders. As demonstrated in the Hearing Officer's Order of October 6, 2000, as attached to Plaintiff's First Supplemental Brief in Support of Preliminary Injunction (Plaintiff's First Supplement), the Hearing Officer specifically stated that the previous Orders were interlocutory in nature and that the Plaintiff, as the Petitioner in that matter, was not prohibited from raising any objections to the previous rulings in that proceeding. *See Order of October 6, 2000,* as attached as Exhibit A to Plaintiff's First Supplement, at ¶ 2. Moreover, Plaintiff has also acknowledged that he has filed a motion requesting that the Hearing Officer reconsider the October 6, 2000, Order. *Plaintiff's First Supplement,* at n.1. Because no final order has been entered, and because there is no statutory provision under which Plaintiff may maintain his cause of action, Plaintiff's claims continue to lie with the proceedings below and are not properly before this Court.[2] Plaintiff's claims

---

[2]      As stated in Defendant's Motion to Dismiss, under *Younger v. Harris,* abstention is appropriate where assumption of jurisdiction by a federal court would interfere with pending state

must, therefore be dismissed.

5.      More importantly, the statute regarding the appeal of an administrative hearing to this Court under IDEA is clear and unambiguous.  Section 1415(e)(2) provides that "[i]f either party is dissatisfied with the *result of the hearing* before the special education hearing officer, that party may appeal to federal district court." 20 U.S.C. § 1415(e)(2) (emphasis added).  Clearly, only *after* the decision of the hearing has been issued may a party appeal the hearing officer's decision.  20 U.S.C. § 1415(f); *see e.g., Smith v. Robinson,* 468 U.S. 1014, 1014, n. 17, 104 S. Ct. 3457, 3469 (1984); *Teague Independent School District v. Todd L.,* 999 F.2d 127, 130, n. 10 (5th Cir. 1993).  Thus, the exhaustion of administrative remedies under IDEA, with limited exceptions not present in this case, is a prerequisite to filing suit.  *See Gardner v. School Bd. of Caddo Parish,* 958 F.2d 108, 110-11 (5th Cir. 1992); *Doe v. Vernon Parish Sch. Board,* 928 F. Supp. 663, 664 (W.D. La. 1996).  Because Plaintiff has failed to satisfy the exhaustion of administrative remedies requirement, Plaintiff's claims must be dismissed.[3]

---

proceedings.  401 U.S. 37, 91 S. Ct. 746 (1971) *see also, Texas Railroad Comm'n v. Pullman,* 312 U.S. 496, 61 S. Ct. 643 (1941) (holding that abstention is appropriate where federal issue might be mooted or presented in a different posture by a state court determination of pertinent state law).

[3]      Plaintiff also argues that the district does not have an absolute right to reevaluate a child under IDEA.  Plaintiff cites to *Holland v. District of Columbia* from the District of Columbia Court of Appeals as the basis for his argument. 71 F.3d 417 (D.C. Cir. 1995); *Response,* at 7, ¶ 16. However, the Court in *Holland* specifically stated that it did not reach the question of whether the district in that case could evaluate the minor child.  *Id.* at 423.  Rather, the Court addressed only whether the District of Columbia Public Schools had provided the parents of the minor child with information regarding the tests to be performed.  *Id.* at 418.  Thus, *Holland* is inapplicable. Moreover, the Court of Appeals for the District of Columbia's opinion is in no way controlling on this issue.  The Fifth Circuit has directly addressed this issue and clearly stated: "A parent who desires for her child to receive special education must allow the school district to reevaluate the child using its own personnel;  there is no exception to this rule." *Andress v. Cleveland,* 64 F.3d 176, 179 (5th Cir. 1995).  Thus, there is no exception in this matter upon which Plaintiff may rely.

6.      Plaintiff's continued assertion regarding an impending irreparable harm is also without basis. Plaintiff has offered no factual basis for how he may be harmed or even how such harm is likely to occur. Plaintiff asserts that he, and his doctors, would be barred from observing CK's testing and would be denied an explanation as to the type of testing by which CK is to be evaluated. However, Plaintiff has already represented to this Court in his Original Complaint that he has withdrawn his consent for the evaluation of CK. *Plaintiff's Original Complaint,* at 5, ¶ 12. If Plaintiff continues to refuse the reevaluation of CK by Defendant's expert, no evaluation will take place and the District will be absolved from any obligation to provide special education services to CK. *Gregory K. v. Longview School Dist.,* 811 F.2d 1307, 1315 (9th Cir. 1987); *Zahida W. v. Deer Park ISD,* 393-SE-697 (Tex. SEA 1998). There is simply no impending harm as alleged by Plaintiff and there is no basis for the entry of injunctive relief. Thus, Plaintiff's application should be denied and his claims dismissed.

## VIII.

## CONCLUSION

For the above reasons, Defendant respectfully requests that this Court grant its Motion to Dismiss; that the Court deny Plaintiff's Application for a Preliminary Injunction; that Plaintiff be denied all relief demanded in his Complaint; and that the Court award Defendant its attorneys' fees and costs and such other and further relief as the Court deems just and proper.

---

Additionally, *Holland* is further distinguishable in that the plaintiffs in that case obtained a final ruling *before* appealing to the District Court. As stated above, Plaintiff, in the case *sub judice,* has failed to articulate any basis for the appeal of any interlocutory order issued by the Hearing Officer.

Respectfully submitted,

WALSH, ANDERSON, BROWN,
  SCHULZE & ALDRIDGE, P.C.
P.O. Box 2156
Austin, Texas  78768
TELEPHONE: (512) 454-6864
FACSIMILE: (512) 467-9318

BY: _____
       BRIDGET ROBINSON
       State Bar No. 17086800
       S. Dist. Admission No. 16521

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October, 2000, a true and correct copy of the above and foregoing pleading was served upon counsel of record by placing same in the United States mail, certified, return receipt requested, postage prepaid and addressed as follows:

William Kimball
Koppel, Ezell, Jackson & Kimball, L.L.P.
312 E. Van Buren
Harlingen, TX 78550

_____
BRIDGET ROBINSON

-5-