

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED
NOV 0 6 2000
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| WILLIAM K., Individually and as next friend of C.K., a minor child, | § § § | |
| Plaintiff, | § § | |
| VS. | § § § | |
| HARLINGEN CONSOLIDATED INDEPENDENT SCHOOL DISTRICT and LUCIUS D. BUNTON, HEARING OFFICER FOR THE TEXAS EDUCATION AGENCY, | § § § § § § § | CIVIL ACTION NO. B-00-125 |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Harlingen Consolidated Independent School District's (HCISD) Motion to Dismiss (Docket No. 4). Plaintiff, C.K., a child, sues by his next friend, William K., seeking damages as well as declaratory and injunctive relief. C.K. has been diagnosed with numerous mental disorders and learning disabilities. C.K.'s doctors recommended that he be placed in a special education residential facility. HCISD opposed plaintiff's request and refused to pay for the residential schooling. On May 7, 2000, HCISD requested that C.K.'s parents give consent to evaluate C.K. C.K.'s parents agreed at first, but then rescinded their agreement after discovering that HCISD planned to contest C.K.'s request for private residential schooling. HCISD denied C.K.'s request for residential schooling, and C.K. filed an appeal of the decision with the Texas Education Agency (TEA). The TEA assigned Mr. Lucius D. Bunton to be the Special Education Hearing

1

Officer. On June 30, 2000, HCISD filed a motion to compel a comprehensive assessment of C.K. Mr. Bunton granted the motion. C.K. then filed a motion to clarify, requesting, among other things, that his parents be permitted to videotape the examination in a non-intrusive manner. Mr. Bunton denied the motion to clarify. C.K. again raised these issues before Mr. Stephen Webb, who succeeded Mr. Bunton as the special education hearing officer. Mr. Webb found that he did not have enough evidence before him to decide whether the evaluation could be videotaped. However, after finding that HCISD had a right to examine C.K., Mr. Webb stayed the proceedings until such time as C.K. submitted to the evaluation. C.K. has, to date, refused to submit to the evaluation, leading Mr. Webb to proclaim that he intended to dismiss C.K.'s appeal. C.K. filed with this Court an application for injunctive relief (Docket No. 2), seeking to enjoin Mr. Webb from dismissing his cause. HCISD, in turn, filed a motion to dismiss, asserting, *inter alia*, that this Court lacks jurisdiction to issue injunctive relief.

## DISCUSSION

C.K. argues that he would be irreparably harmed unless this court issues an injunction prohibiting the dismissal of his administrative appeal. It is worth noting that C.K.'s administrative appeal is only being dismissed because of his refusal to submit to an evaluation as ordered by two hearing officers. While C.K. couches his motion in the form of injunctive relief, in reality he is asking this court to review the interlocutory orders of Mr. Bunton and Mr. Webb prior to the exhaustion of his administrative remedies. It is a well settled principle of law that a federal district court ordinarily lacks jurisdiction to review interlocutory administrative agency decision. *See, e. g., Boire v. Greyhound Corporation*, 376 U.S. 473 (1964); *Pepsico, Inc. v. F.T.C.*, 343 F. Supp. 396 (S.D.N.Y. 1972). While the Court can find no persuasive reason why C.K.'s evaluation should not be

2

videotaped, this, in itself, is no basis for the Court to exercise jurisdiction over an interlocutory order issued during a state administrative proceeding. In fact, if this Court believed it had jurisdiction, it would order the evaluation videotaped in an unobtrusive way. If the hearing officer dismisses C.K.'s cause, C.K. may still bring suit in any state court of competent jurisdiction or in a district court of the United States. *See* 20 U.S.C. § 1415(i)(2)(A). If C.K. indeed believes that he would be irreparably harmed by the dismissal of his administrative appeal, he can submit to the evaluation as ordered by the hearing officer.

The exhaustion of administrative remedies under the Individuals with Disabilities Education Act, with limited exceptions, is a prerequisite to filing suit in federal court. *See Gardner v. School Bd. of Caddo Parish*, 958 F.2d 108, 110-11 (5th Cir. 1992). A party cannot circumvent this rule through non-compliance with orders of a hearing officer coupled with a request for injunctive relief from a federal court.

After careful consideration of said matter, the Court is of the opinion that plaintiff's application for injunctive relief (Docket No. 2) be **DISMISSED** for lack of jurisdiction. This case will remain on the Court's docket until the administrative proceedings are exhausted.

DONE at Brownsville, Texas, on this the 3rd day of November, 2000.

John Wm. Black
United States Magistrate Judge

3