27

United States District Court
Southern District of Texas
FILED

FEB 0 9 2001

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **WILLIAM K., individually** | § | |
| **and as Next Friend of C.K., a minor child** | § | |
| | § | |
| | § | |
| **vs.** | § | **CASE NO. B-00-125** |
| | § | |
| **HARLINGEN CONSOLIDATED** | § | |
| **INDEPENDENT SCHOOL DISTRICT** | § | |
| **AND LUCIUS D. BUNTON, HEARING** | § | |
| **OFFICER FOR THE TEXAS** | § | |
| **EDUCATION AGENCY** | § | |

## PLAINTIFF'S SECOND MOTION FOR LEAVE
## TO FILE THIRD AMENDED COMPLAINT

### TO THE HONORABLE UNITED STATES MAGISTRATE:

**NOW COMES, PLAINTIFF**, William K., individually and as next friend for CK, minor

child (hereinafter referred to as "Plaintiff") who files this, Plaintiff's Motion for Leave to File

Plaintiff's Third Amended Original Complaint, and in support hereof, Plaintiff would show the

Court as follows:

### 1.

On or about January 22, 2001, the Court entered an Order denying Plaintiff's Motion

for Leave to File Second Amended Complaint ruling that Plaintiff's Motion for Leave to File

Amended Complaint and Application for Injunctive Relief and Declaratory Judgment is

premature in that the Plaintiff has failed to exhaust administrative remedies.

### 2.

Although the Plaintiff strongly disagrees with the Court's ruling and upon final ruling

of this Court, Plaintiff may appeal this ruling to the Fifth Circuit Court of Appeals, Plaintiff

C:/my files/kimball, c/motion for reconsideration.wpd/dsl

files this Motion because Plaintiff believes that it is in the CK's best interest to present to this Court the narrower issue of whether Dr. Oakland should be allowed to examine CK without being videotaped among other issues concerning Dr. Oakland which have been fully and finally addressed by the administration hearing officer.

**3.**

As the Court knows, the Administrative Officer previously ruled that William K., as parent of the child, may be present for the examination of CK but, in his final ruling, denied William K. the right to videotape Dr. Oakland's testing in a non-intrusive manner, such as behind a one-way mirror.  This Court, stated its' belief, that the Administrative Officer's ruling was a violation of William K. and CK's legal rights and saw no reason why William K. should not be permitted to videotape Dr. Oakland's testing of CK.  The Plaintiff has exhaustively stated his reasoning to this Court as to why Plaintiff believes Dr. Oakland's work should be videotaped and Plaintiff has repeatedly stated to this Court his reasons why he believes that Dr. Oakland cannot be relied upon to be fair and impartial.  Obviously, CK's future might be materially and adversely effected by Dr. Oakland's tainted and biased opinions which necessitate the need for videotaping his testing.  Plaintiff is not an educational expert so Plaintiff's observations are not as important as observations from witnesses such as Dr. Ander and Dr. Braaten from Harvard Medical School.

**4.**

If the Court denies this Motion for Leave, the Court will have denied the Plaintiff any right to overturn the hearing officer's ruling denying the Plaintiff the right to videotape Dr. Oakland's testing of CK.  In essence, a denial of this Motion for Leave would deny the Plaintiff and CK fundamental constitutional rights of due process.  Dr. Oakland is an adverse

C:/my files/kimball, c/motion for reconsideration.wpd/dsl

and hostile expert witness.  Because the opinions of psychologists can be subjective, his testing of CK should be videotaped so that CK's treating doctors and psychologists can review the same for scientific accuracy and verification.

## 5.

Accordingly, the Plaintiff respectfully requests that the Court grant Plaintiff's Motion to File Third Amended Complaint, a true and correct copy of which is attached hereto as Exhibit "A" incorporating by reference for all purposes.

## 6.

In Plaintiff's proposed Third Amended Complaint, the issues are narrowed to enjoining the Harlingen Consolidated Independent School District ("HCISD") from preventing the Plaintiff from videotaping Dr. Oakland's examination of CK.  If  Plaintiff's Motion for Leave to File Plaintiff's Third Amended Original Complaint is denied, Plaintiff will be denied due process rights guaranteed under the Fourteenth (14th) amendment to the United States Constitution.   Certainly, the Plaintiff, as the parent of CK, would have some right to videotape the testing of his child.  The Plaintiff is aware of several products liability cases in which the United States District Court for the Southern District of Texas ordered that corporate manufacturing defendants be permitted to videotape product testing.  Although this is not a products liability case, Plaintiff believes that the educational future of a child is at least as important to the public interest as the interests of Ford Motor Company and General Motors Corporation in being permitted fair verification of testing upon their products in products liability litigation.  In this case, a child's health, welfare and education is at issue. The basic due process rights routinely granted to United States manufacturers in products liability cases, should be afforded to the Plaintiff in this case who is merely trying to

C:/my files/kimball, c/motion for reconsideration.wpd/dsl

videotape the work of a hired expert who has already given adverse opinions to the Plaintiff and CK and who may materially and detrimentally prejudice CK and his future life by denying him educational rights guaranteed by the United States Congress under the Individuals With Disabilities Education Act ("IDEA") 20 U.S.C. §1400 et seq.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court set a hearing on this matter, and after hearing, enter an Order Granting Plaintiff's Motion for Leave to File Third Amended Original Complaint.  Plaintiff further requests such other and further relief as the Court deems just in this matter.

Respectfully submitted,

THE LAW OFFICE OF WILLIAM F. KIMBALL
312 East Van Buren Avenue
Harlingen, Texas   78550
Telephone: (956) 425-2000
Facsimile:   (956) 421-4258

By: _____
William F. Kimball
State Bar No. 11418700
PRO SE AND AS ATTORNEY FOR CK

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the above and foregoing instrument was on this 6th day of February, 2001, sent via facsimile to (512) 467-9318 and mailed by first class certified RRR no. 7000-1670-0000-5043-8395 to Ms. Denise H. Anderson, Walsh, Anderson, Brown, Schulze & Aldridge, P.C., P. O. Box 2156, Austin, Texas   78711.

_____
William F. Kimball

C:/my files/kimball, c/motion for reconsideration.wpd/dsl