

United States District Court
Southern District of Texas
FILED

MAR 0 6 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM K., Individually and as next friend | § | |
| of C.K., a minor child | § | |
| | § | |
| vs. | § | Civil Action No. B-00-125 |
| | § | |
| HARLINGEN CONSOLIDATED | § | |
| INDEPENDENT SCHOOL DISTRICT and | § | |
| LUCIUS D. BUNTON, HEARING | § | |
| OFFICER FOR THE TEXAS | § | |
| EDUCATION AGENCY | § | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
SECOND MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, the Harlingen Consolidated Independent School District

(Harlingen CISD), and files this its Response in Opposition to Plaintiff's Second Motion for Leave

to File Third Amended Complaint. In support of this Response, Defendant shows as follows:

## I.
## BACKGROUND

Plaintiff[1] was the Petitioner in a special education administrative proceeding, which he filed

alleging that the District violated the Individuals with Disabilities Education Act (IDEA) and

requesting residential placement of his child, C.K. While that proceeding was pending, on August

14, 2000, Plaintiff filed his Original Complaint in this action, and on August 29, 2000, he filed his

First Amended Complaint.

In the underlying administrative proceeding, the hearing officer ordered Plaintiff to permit

---

[1]    For purposes of reference and continuity, William shall be referred to as "Plaintiff" while the minor child shall
hereinafter be referred to as C.K.

the District to conduct its own evaluation of C.K. After Plaintiff refused, the hearing officer entered an Order dismissing Plaintiff's case. Shortly thereafter, Plaintiff filed his Motion for Leave to File Second Amended Complaint and Application for Injunctive Relief and Declaratory Judgment, in which he sought to amend his pleadings for the second time to plead additional causes of action. In particular, he sought leave to add causes of action based on the District's alleged violations of IDEA, the same allegations he raised in the underlying administrative proceeding. The Court denied his Motion for Leave to File Second Amended Complaint.

After the Court denied Plaintiff's request to amend his Complaint, Plaintiff filed his Second Motion for Leave to File Third Amended Complaint, in which he now seeks to amend his pleadings to include allegations concerning his request to videotape C.K.'s evaluation by Dr. Oakland. His proposed Third Amended Complaint is virtually a verbatim copy of his proposed Second Amended Complaint, which the Court previously denied leave to file. In Plaintiff's proposed Third Amended Complaint, Plaintiff simply deleted paragraphs ¶ 30 e-h and ¶¶ 40-41 that were contained in his proposed Second Amended Complaint, in which he previously requested residential placement of C.K. and relief for IDEA violations. In his proposed Third Amended Complaint, he continues to claim that the District violated IDEA by not allowing him to videotape C.K.'s evaluation. He asks the Court to permit him to video tape the testing and evaluation of C.K. Plaintiff claims that he will be denied due process if the Court does not permit him to so amend his pleadings.

## II.
## ARGUMENT

As discussed in Defendant's previously filed Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint and Application for Injunctive Relief and Declaratory

2

Judgment, Federal Rule of Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Although Rule 15 evinces a bias in favor of granting leave, it is not automatic. *Matter of Southmark Corp.*, 88 F.3d 311, 314-16 (5th Cir. 1996), *cert. denied*, 519 U.S. 1057, 117 S. Ct. 686 (1997). In deciding whether to grant such leave, the court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Matter of Southmark Corp.*, 88 F.3d at 314-15 (*citing Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962)). Here, Plaintiff's proposed amendments are futile and will result in undue prejudice to the Defendant.

A.    **Plaintiff's Requested Amendments Are Futile**

A court may deny leave to amend if the record shows the amendment is futile or subject to dismissal. *Fed. Deposit Ins. Corp. v. Conner,* 20 F.3d 1376, 1385 (5th Cir. 1994); *Saavedra v. Murphy Oil U.S.A., Inc.,* 930 F.2d 1104, 1109 (5th Cir. 1991); *Pan–Islamic Trade Corp. v. Exxon Corp.,* 632 F.2d 539, 546 (5th Cir. 1980), *cert. denied,* 454 U.S. 927, 102 S. Ct. 427 (1981). *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 18 (2d Cir. 1997); *Matter of Southmark Corp.*, 88 F.3d at 314-15. An amendment is futile when, if granted, the amendment would not withstand a motion to dismiss. *See Brown v. Texas A & M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986). In the case at bar, Plaintiff's requested amendment is futile. Plaintiff has not exhausted his administrative remedies with the Texas Education Agency, as is required under the Individuals with Disabilities Education Act (IDEA), thus, depriving the Court of jurisdiction over Plaintiff's IDEA claims.

Exhaustion of administrative remedies under IDEA, with limited exceptions not present in

3

this case, is a prerequisite to filing suit. *See Gardner v. School Bd. of Caddo Parish,* 958 F.2d 108, 110-11 (5th Cir. 1992). IDEA expressly requires that before filing a civil action, a plaintiff must exhaust the IDEA procedures. 20 U.S.C. § 1415(i)(2)(A). The exhaustion of administrative remedies serves the purposes of protecting administrative agency authority and promoting judicial authority. *McCarthy v. Madigan,* 503 U.S.140, 145, 112 S. Ct. 1081, 1086 (1992). Pursuant to 20 U.S.C. § 1415(i)(2)(A), a party may only file a complaint in court if he is "aggrieved by the findings and decision" of the Special Education Hearing Officer. *See, e.g., Smith v. Robinson,* 468 U.S. 992, 1013, 104 S. Ct. 3457, 3469 (1984); *Teague Independent School District v. Todd L.,* 999 F.2d 127, 130, n. 10 (5th Cir. 1993). Here, Plaintiff is not claiming he was aggrieved by the findings or decision of the hearing officer; indeed, he cannot claim that he was aggrieved by any decision of the hearing officer on the merits because there has been no decision on the merits of the case. He is not appealing the dismissal decision itself. *Cf. W.T. v. Andalusia City Schools,* 977 F. Supp. 1437, 1445 (D. Ala. 1997) (noting appeal from hearing officer's dismissal of administrative proceeding was proper when Plaintiff was claiming she was aggrieved by *dismissal itself*).

Section 1415(l) further provides that

> Nothing in this part shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, Title V of the Rehabilitation Act of 1973, or other Federal statutes protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is available under this part, the procedures under subsections (f) and (g) of this section *shall be exhausted* to the same extent as would be required had the action been brought under this part.

20 U.S.C. § 1415(l)(emphasis added). Available relief means relief for the events, condition, or consequences of which the person complains, not necessarily relief of the kind the person prefers. *Charlie F. v. Bd. of Educ. of Skokie School Dist.,* 98 F.3d 989, 993 (7th Cir. 1996). Parents of special

4

education children cannot ignore remedies available under the IDEA and insist upon remedies of their own choosing. *Id.* Only in the limited instances where exhaustion would be futile or inadequate to protect the plaintiff's rights is the exhaustion of administrative remedies not required. *Honig v. Doe,* 484 U.S. 305, 326-327, 108 S. Ct. 592, 605-06 (1988). Additionally, the burden of demonstrating that the exhaustion of administrative remedies would be futile is on the party seeking the exception. *Id.* at 327.

Plaintiff's failure to exhaust his administrative remedies deprives this Court of jurisdiction over his claims. It is undisputed that Plaintiff failed to exhaust his administrative remedies. As set out in Plaintiff's proposed Third Amended Complaint, the hearing officer ordered Plaintiff to allow the District to conduct its own evaluation of C.K. without Plaintiff's videotaping the evaluation, and the hearing officer further warned Plaintiff that if Plaintiff refused to comply with the order that he would dismiss the administrative proceeding. (Plaintiff's Third Amended Complaint at 9-10 ¶ 24, 27). Despite the hearing officer's explicit instructions to Plaintiff, Plaintiff intentionally refused to allow the District to conduct its own evaluation of C.K. His refusal to comply with the hearing officer's Order resulted in the dismissal of the administrative proceeding. (*Id.* at 9-10 ¶¶27, 29.) The hearing officer did not issue any decision on the merits of the case, but instead dismissed the proceeding because of Plaintiff's refusal to permit the District to conduct its own evaluation of C.K. (*Id.; see* Exhibit "L" of Plaintiff's Third Amended Complaint.)

Plaintiff again asks this Court to permit him to amend his complaint to seek a ruling on the merits of his IDEA claims. In his IDEA claims, he asserts that the District violated IDEA by not permitting him to video tape C.K.'s testing and evaluation. (Plaintiff's Third Amended Complaint at 11-12.) As the hearing officer pointed out in his interlocutory order dated October 6, 2000, the

5

District should not be required to defend against the IDEA claims without being able to conduct its own evaluation of C.K. (Exhibit "J" of Plaintiff's Third Amended Complaint.) Plaintiff clearly is trying to circumvent the administrative process.

The statutory language under IDEA clearly requires that, absent an exception, a party must exhaust it administrative remedies. To that end, Plaintiff has failed to meet his burden of demonstrating that his exhaustion of the requisite administrative remedies would be futile or inadequate. *Honig,* 484 U.S. at 327, 108 S. Ct. at 605-06. Following *Honig,* courts have rarely found the requirement of futility to be satisfied such as would excuse exhaustion of administrative remedies. Indeed, one federal court has found that even when a student appears to be deprived of due process in the administrative proceedings, the requirement of exhaustion is not excused. *Demers v. Leominster School Dep't,* 96 F. Supp. 2d 55, 58 (D. Mass. 2000). Exhaustion is not excused nor is futility established by virtue of one party's disagreement with the provisions of an order or the relief obtained. *See Charlie F.,* 98 F.3d at 993. Plaintiff is not prevented from exhausting his administrative remedies nor is such exhaustion futile, even in light of the dismissal, because the dismissal was not with prejudice. He simply must permit the District to evaluate C.K., and if he still disagrees with the District's assessment, he may seek remedies under IDEA through another administrative due process hearing. Requiring Plaintiff to exhaust his administrative remedies before filing suit clearly does not deprive him of due process. The special education proceeding itself provides Plaintiff with his due process rights, including the right to examine and cross-examine witnesses and the right to a decision on the merits by an impartial hearing officer.

Plaintiff was required to exhaust his administrative remedies prior to filing of this suit and, because he has failed to do so, this Court lack jurisdiction over Plaintiff's claims. Accordingly, any

6

amendment of Plaintiff's complaint to add the IDEA violation claims would be futile and should not be permitted.

**B.    Plaintiff's Requested Amendments Will Result In Undue Prejudice**

A court may deny leave to amend pleadings if the amendment will prejudice the other party's case. *Matter of Southmark Corp.*, 88 F.3d at 314-15; *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994). Plaintiff's proposed amendments will result in undue prejudice to the District because the District will be deprived of its opportunity and legal right to resolve Plaintiff's complaints at the lowest possible level, that is, at a special education administrative proceeding. Indeed, a resolution on the merits of this matter at the administrative level may render moot federal involvement in a determination of Plaintiff's rights. Moreover, the standard of review of an appeal of a hearing officer's decision is different than in other civil cases. In appeals from a special education hearing officer's decision, the court must review the factual record developed below and give "due deference" to the hearing officer's decision; in other words, the district court is required to give the hearing officer's findings "due weight" in conducting a review of the hearing officer's decision. *See Teague Independent School Dist. v. Todd L.*, 999 F.2d 127 (5th Cir. 1993); *see also Town of Burlington v. Mass. Dep't of Educ.*, 736 F.2d 773, 790 (1st Cir. 1984), *aff'd sub. nom. School Comm. of Town of Burlington, Mass. v. Department of Educ. Mass.*, 471 U.S. 359, 105 S. Ct. 1996 (1985). Without a decision on the merits from the hearing officer, this Court will not be able to apply the appropriate standard of review, but instead would conduct a de novo trial, which clearly is not contemplated or permitted under IDEA. *See generally* 20 U.S.C. § 1415; *Town of Burlington v. Mass. Dep't of Educ.*, 736 F.2d 773 (1st Cir. 1984).

7

**C.     Plaintiff's Requested Amendments Are Contrary To The Federal Rules Of Civil Procedure**

Additionally, the Federal Rules are to be construed "to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1.  Permitting Plaintiff to amend his pleadings to add IDEA causes of action when he has not exhausted his administrative remedies would violate the spirit of Federal Rule of Civil Procedure 1.  Plaintiff must permit the District to conduct its own evaluation of C.K. to determine the appropriate educational placement for C.K. in the least restrictive environment.  If Plaintiff disagrees with the District's evaluation or assessment results, he may seek his own independent evaluation to contradict the District's findings, and attempt to resolve the differences in a special education administrative proceeding.  The underlying proceeding was dismissed, but not with prejudice to refiling.  Plaintiff must attempt to resolve his IDEA claims in a just and speedy manner, that is, first at the administrative level.  He did not permit a hearing officer to first determine this case on the merits because he has continued to refuse to permit the District to evaluate C.K.

If this Court allows Plaintiff to proceed with his claims concerning alleged IDEA violations, the Court will be unjustly circumventing the purpose and intent of that statute.  A proper appeal from an order of *dismissal,* as opposed to a decision on the merits, would be one in which Plaintiff claims he was aggrieved by that dismissal and the hearing officer's failure to grant him the relief requested.  Plaintiff is not arguing that the dismissal was inappropriate, but instead is seeking to circumvent the administrative process and have the Court rule on the merits of his IDEA claims without first having to obtain a ruling from the hearing officer on the merits.

8

## III.
## CONCLUSION

For these reasons, Defendant prays that the court deny Plaintiff's Second Motion for Leave

to File Third Amended Complaint; that Plaintiff be denied all relief demanded in his Complaint; that

this case be dismissed with prejudice; and that the Court award Defendant its attorneys' fees and

costs and such other and further relief as the Court deems just and proper.

Respectfully submitted,

WALSH, ANDERSON, BROWN,
   SCHULZE & ALDRIDGE, P.C.
P.O. Box 2156
Austin, Texas 78768
TELEPHONE: (512) 454-6864
FACSIMILE: (512) 467-9318


BY: _____
    BRIDGET ROBINSON
    State Bar No. 17086800
    S. Dist. Admission No. 16521

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of March, 2001 a true and correct copy of the above and
foregoing pleading was served upon counsel of record by placing same in the United States mail,
certified, return receipt requested, postage prepaid and addressed as follows:

William Kimball
Koppel, Ezell, Jackson & Kimball, L.L.P.
312 E. Van Buren
P. O. Box 2878
Harlingen, TX 78550

BRIDGET ROBINSON

9