United States District Court
Southern District of Texas
FILED

MAR 13 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| WILLIAM K., Individually and as next friend of C.K., a minor child § § § | |
| vs. § | Civil Action No. B-00-125 |
| § | |
| HARLINGEN CONSOLIDATED INDEPENDENT SCHOOL DISTRICT and LUCIUS D. BUNTON, HEARING OFFICER FOR THE TEXAS EDUCATION AGENCY § § § § § | |

**DEFENDANT'S SUPPLEMENT TO ITS RESPONSE
IN OPPOSITION TO PLAINTIFF'S SECOND MOTION
FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, the Harlingen Consolidated Independent School District (Harlingen CISD), and files this Supplement to its Response in Opposition to Plaintiff's Second Motion for Leave to File Third Amended Complaint. Defendant files this Supplement in response to the letter brief Plaintiff sent the Court which was dated March 8, 2001.

**I.**

As argued in Defendant's Response in Opposition to Plaintiff's Second Motion for Leave to File Third Amended Complaint and at the hearing before this Court on March 7, 2001, the Court does not have jurisdiction over this case due to Plaintiff's intentional refusal to exhaust his administrative remedies. Defendant will not reiterate the arguments previously briefed. Suffice it to say that this Court lacks jurisdiction for the reasons previously articulated; accordingly, Plaintiff should be denied leave to amend his pleadings and this case should be dismissed. In addition to the Court's lack of jurisdiction, though, this case should also be dismissed because the issue Plaintiff

seeks to have resolved is moot; consequently, there is no case or controversy

## II.

As Plaintiff admits, there is no longer a pending controversy between the parties at the administrative hearing level. Thus, even if this Court were to order the Special Education Hearing Officer to allow Plaintiff to video-tape the evaluation of the minor, as Plaintiff requests, the Special Education Hearing Officer could not comply because the administrative proceeding was dismissed without a resolution on the merits. Therefore, such an order from this Court would be advisory only. "Federal courts are not to render advisory opinions ..." as the Constitution imposes the requirement of a live case or controversy that has not become moot. *Korioth v. Briscoe,* 523 F.2d 1271, 1274-75 (5th Cir. 1975), *and cases cited therein. See also Sullivan Central Plaza v. BancBoston Real Estate Capital Corp.,* 914 F.2d 731, 733-34 (5th Cir. 1990), *opinion on reh'g,* 935 F.2d 723 (5th Cir. 1991). As the issue on which Plaintiff seeks this Court to rule is moot and a ruling on the merits would result in an advisory opinion, this Court should dismiss this case.

## III.

In its prior pleadings, Defendant has already addressed Plaintiff's allegation re-urged in his latest filed letter brief that he should not be required to exhaust his administrative remedies under IDEA. As shown in those pleadings, Plaintiff does not fall within the limited exceptions to the exhaustion requirement. Plaintiff's claim that this Court should render a decision on the merits or Plaintiff will be left with "no remedy" is not supported by either the facts or the law. Clearly, Plaintiff had a remedy with the administrative proceeding, but he chose not to pursue that remedy. Moreover, the courts do not permit interlocutory appeals from the type of orders at issue in this case. Additionally, the courts recognize that anyone who has an adequate remedy on appeal is prohibited

2

from refusing to comply with a discovery order issued by a tribunal of competent jurisdiction, even if the party vehemently disagrees with that order. Plaintiff is seeking to circumvent the administrative process and have the Court rule on the merits of his IDEA claims without first having to obtain a ruling from the hearing officer on the merits, which deprives this Court of jurisdiction. Plaintiff's own actions have resulted in his lack of standing due to the absence of a case or controversy and have deprived this Court of jurisdiction due to his refusal to exhaust administrative remedies. Accordingly, this case should be dismissed for multiple, independent reasons.

### III.

For these reasons as well as those previously articulated, Defendant prays that the Court deny Plaintiff's Second Motion for Leave to File Third Amended Complaint; that Plaintiff be denied all relief demanded in his Complaint; that this case be dismissed with prejudice; and that the Court award Defendant its attorneys' fees and costs and such other and further relief as the Court deems just and proper.

Respectfully submitted,

WALSH, ANDERSON, BROWN,
 SCHULZE & ALDRIDGE, P.C.
P.O. Box 2156
Austin, Texas 78768
TELEPHONE: (512) 454-6864
FACSIMILE: (512) 467-9318

BY: _____
   BRIDGET ROBINSON
   State Bar No. 17086800
   S. Dist. Admission No. 16521

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of March, 2001 a true and correct copy of the above and foregoing pleading was served upon counsel of record by placing same in the United States mail, certified, return receipt requested, postage prepaid and addressed as follows:

William Kimball
Koppel, Ezell, Jackson & Kimball, L.L.P.
312 E. Van Buren
P. O. Box 2878
Harlingen, TX 78550

_____
BRIDGET ROBINSON