

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 5 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| WILLIAM K., Individually and as Next Friend of C.K., a minor child | § § § § | |
| V. | § § | CASE NO. B-00-125 |
| HARLINGEN CONSOLIDATED INDEPENDENT SCHOOL DISTRICT AND LUCIUS D. BUNTON, HEARING OFFICER FOR THE TEXAS EDUCATION AGENCY | § § § § § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, Plaintiff, William K., individually and as next friend of C.K., a minor child, who would show the Court as follows:

1. In response the Harlingen Consolidated Independent School District's ("HCISD") latest supplemental brief, it is very interesting that HCISD had no response to the authorities cited by the Plaintiff in Plaintiff's March 8, 2001 letter brief. That may be because there can be no response to the fact that Plaintiff's authorities and reasoning is correct, (i.e. based upon several grounds, this Court has the authority to assume jurisdiction). This court, as a matter of law, can assume jurisdiction over this case due to the fact that: (1) the order of November 7, 2000 by the hearing officer Stephen Webb was final and dismissed Plaintiff's case in total, therefore, there was complete exhaustion on the issue of whether the Plaintiff was entitled to videotape the testing of his son by HCISD's testifying expert from Florida, (See Exhibit "A" attached hereto)[1]; and (2) alternatively, if the court believes that Exhibit "A" is not a final order, then **Komninos v. Upper Saddle River**

---

[1] In **Fuller v. Rich**, 11 F.3d 61 (5th Cir. 1994), the Court of Appeals stated that an administrative officer need not even make a ruling upon the merits for there to be an exhaustion of administrative remedies so long as the administrative officer had the opportunity to review the claims and issues. In this case, Stephen Webb not only reviewed the issue of videotaping, but made a final ruling dismissing the case based upon said ruling. There was complete exhaustion of administrative remedies.

1

**Board of Education**, 13 F.3rd 775 (3rd Cir. 1994), provides other grounds for this Court to assume jurisdiction.

In **Komninos**, the Court of Appeals set forth four (4) exceptions to the exhaustion of administrative remedies rule. The Court in **Komninos** ruled that a federal court may assume jurisdiction of a case even when administrative procedures have not been exhausted when:

1. Where exhaustion would be futile or inadequate as set forth in <u>Honig v. Doe</u>, 484 U.S. 305 (1988);

2. Where the issue presented is purely a legal question;

3. Where the administrative agency cannot grant relief such as when a hearing officer lacks authority to provide a remedy; and

4. When exhaustion would work a severe or irreparable harm upon the litigant.

If this Court finds that the Order of November 7, 2000, was not a final order[2], then the Court can assume jurisdiction due to the fact that: (1) there are <u>only legal questions</u> remaining as to whether Plaintiff is entitled to videotape the testing of his son, (2) that exhaustion would work <u>severe or irreparable harm to CK</u> due to the delays to CK's education and treatment, and/or (3) based upon the fact that exhaustion would be futile and inadequate. See **Honig v. Doe**, 484 U.S. 305 (1988). HCISD does not even attempt to refute this argument.

2. HCISD raises an interesting and erroneous new argument. That is, because the administrative officer's November 7, 2000 order is final by Plaintiff's own admissions, that the federal courts are <u>powerless</u> to reverse Mr. Webb's November 7, 2000 order no matter how erroneous and no matter how many constitutional rights were violated by such order. HCISD simply argues that if Plaintiff is correct in his argument that the November 7, 2000 order of Stephen Webb was in fact a final

---

[2] Which would be a finding that Plaintiff would complain is erroneous on appeal.

order, the said order is unappealable and that this federal court is powerless to correct it. HCISD then goes on to cite **Korioth v. Briscoe**, 523 F.2d 1271 (5th Cir. 1975) and other inapplicable cases that stand for the proposition that federal courts are not to render advisory opinions. This argument ignores the fact that final orders are always appealable by their very nature, see **Fuller**, (supra), and HCISD also ignores the alternative theories asserted by the Plaintiff as outlined in **Komninos**, (supra), should the Court believe that Mr. Webb's November 7, 2000 order was not a final order.

3. Plaintiff would show the Court that HCISD is avoiding discussion of **Komninos v. Upper Saddle River Board of Education**, 13 F.3rd 775 (3rd Cir. 1994) for good reason. HCISD has no response to this authority or **W.T. v. Andalusia City Schools**, 977 F. Supp. 1437 (M.D. Alabama, 1997). The fact is that there are only legal arguments that remain for this court to decide on the issue of videotaping the testing of CK by HCISD's testifying expert. Furthermore, and most importantly, CK is suffering severe or irreparable harm due to the delays to his meaningful education. See the letter of Dr. Biederman attached hereto as Exhibit "B". In other words, this Court does have the jurisdictional power and the duty to review Mr. Webb's November 7, 2000 order. Plaintiff prays that the Court rejects HCISD's argument that this Court has no power to review Mr. Webb's dismissal order which Plaintiff contends violated several important educational and constitutional rights depriving CK and Plaintiff of their fundamental statutory and constitutional rights.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that this Court grant his Motion for Leave to File Plaintiff's Third Amended Original Complaint, reverse the November 7, 2000 order of hearing officer, Stephen Webb, and further grant Plaintiff's Motion for Preliminary Injunction and Declaratory Judgment as requested in Plaintiff's Third Amended Original Complaint, and that the Court grant to the Plaintiff such other and further relief as the Court deems just in this matter.

3

Respectfully submitted,

**LAW OFFICES OF WILLIAM F. KIMBALL**
312 E. Van Buren
Harlingen, Texas 78551
Tel. (956) 425-2000
Fax No. (956) 421-4258

BY: _/s/ William Kimball_
William Kimball
State Bar #11418700
Fed. I.D. No. 6159

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was on this 13th day of March, 2001, sent via facsimile and mailed by certified mail, return receipt requested to: Ms. Bridget Robinson, **Walsh, Anderson, Brown, Schulze & Aldridge, P.C.**, P.O. Box 2156, Austin, Texas.

_/s/ William Kimball_
William Kimball

4

NOV-07-2000 12:07 FROM:WEBB & WEBB        5124723183

DOCKET NO. 388-SE-600

| | | |
|---|---|---|
| CHRISTOPHER K. b/n/f WILLIAM K. | § | BEFORE A SPECIAL EDUCATION |
| V. | § § | HEARING OFFICER FOR THE |
| HARLINGEN INDEPENDENT SCHOOL DISTRICT | § § § | STATE OF TEXAS |

### DISMISSAL ORDER

On August 9, 2000, Respondent filed its Motion to Dismiss or, in the Alternative, Motion to Stay Proceeding and Petitioner's Response thereto was filed on August, 17, 2000. An Order was previously issued addressing the issues in said Motion on October 6, 2000. An additional prehearing conference was held on October 30, 2000, wherein the parties were allowed to further address issues raised in said Motion. In consideration of arguments by the parties in both prehearing conferences, as well as, authorities raised in pleadings filed regarding Respondent's Motion, the Hearing Officer has determined that Respondent's Motion has merit and should be granted. Accordingly, the referenced case is hereby dismissed.

ISSUED in Austin, Texas this 7th day of November, 2000.

Stephen P. Webb
Special Education Hearing Officer

**SERVICE LIST:**
**Christopher K.:**
William Kimball
Koppel, Ezell, Jackson & Kimball
  Skaggs & Koppel Building
312 East Van Buren
P.O. Box 2878
Harlingen, Texas 78551

**Harlingen ISD:**
Denise Anderson
Walsh, Anderson, Brown, Schulze
  & Aldridge, P. C.
P.O. Box 2156
Austin, Texas 78768


EXHIBIT A

 

15 Parkman Street, WACC #725
Mail Zone - WAC 725
Boston, Massachusetts 02114-3139

E-mail: biederman@helix.mgh.harvard.edu
Tel: 617.726.1731   Fax: 617.724.1540

Joseph Biederman, M.D.
*Chief, Joint Clinical and Research Program
in Pediatric Psychopharmacology
Massachusetts General Hospital*

*Professor of Psychiatry
Harvard Medical School*

April 14, 2000

**Re: Christopher Kimball**

To Whom It May Concern:

Christopher Kimball suffers from serious neuropsychiatric disorders including ADHD, learning disabilities, developmental deficits and mood disorder. I am strongly recommending that he be placed in a specialized school setting capable of dealing with his multiple emotional and developmental handicaps. I strongly believe that without such a placement his educational and emotional future will be in jeopardy.

Sincerely,

Joseph Biederman, M.D.
Chief,
Joint Program in Pediatric Psychopharmacology
Mass General and McLean Hospitals

Professor of Psychiatry
Harvard Medical School

000001



EXHIBIT B



PARTNERS  Health Care System Member