35

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 2 2001

Michael N. Milby
Clerk of Court

WILLIAM K., Individually and as next friend §
of C.K., a minor child                      §
                                             §
vs.                                          §    Civil Action No. B-00-125
                                             §
HARLINGEN CONSOLIDATED                       §
INDEPENDENT SCHOOL DISTRICT and              §
LUCIUS D. BUNTON, HEARING                    §
OFFICER FOR THE TEXAS                        §
EDUCATION AGENCY                             §

## DEFENDANT'S REPLY TO PLAINTIFF'S
## RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, the Harlingen Consolidated Independent School District, and files

its Reply to Plaintiff's Response to Defendant's Supplemental Brief. Defendant shows as follows:

1.      In Plaintiff's Response to Defendant's Supplemental Brief, Plaintiff contends that

HCISD "had no response to the authorities cited by the Plaintiff in Plaintiff's March 8, 2001 letter

brief." Plaintiff further claims "there can be no response to the fact that Plaintiff's authorities and

reasoning is correct . . . ." (Plaintiff's Response to Defendant's Supplemental Brief, p. 1). Plaintiff

is incorrect in both statements.

2.      In Defendant's Response in Opposition to Plaintiff's Second Motion for Leave to File

Third Amended Complaint, as well as Defendant's previous pleadings, Defendant addressed the very

arguments Plaintiff subsequently raised in his letter dated March 8, 2001. Specifically, in all its prior

pleadings, including Defendant's Response in Opposition to Plaintiff's Second Motion for Leave

to File Third Amended Complaint, which was filed March 6, 2001 [docket instrument no. 30],

Defendant addressed the mandatory requirement of exhaustion as well as the narrow exceptions to exhaustion, none of which are applicable in this case.  Indeed, Defendant even cited the cases Plaintiff claims were not addressed by Defendant, including *W.T. v. Andalusia City Schools*, 977 F. Supp. 1437 (D. Ala. 1997) and *Honig v. Doe*, 484 U.S. 305, 108 S. Ct. 592 (1988).  (*See* Defendant's Response in Opposition to Plaintiff's Second Motion for Leave to File Third Amended Complaint [docket instrument no. 30], pp. 4-6).  Defendant did not again address those cases in its supplement to its Response in Opposition to Plaintiff's Second Motion for Leave to File Third Amended Complaint because, as noted in the title of the document itself, it was a supplement to Defendant's pleading and was intended to supplant the pleading.  Moreover, unlike Plaintiff, Defendant intentionally chose not to burden this Court by again briefing issues that have been repeatedly addressed in prior pleadings.  Indeed, Plaintiff's continual filing of further documents addressing the same issues that have not only been briefed by the parties, but argued before the Court, is both inefficient and results in the needless expenditure of judicial resources by requiring this Court to review yet more pleadings addressing the issues already briefed and argued by the parties. Defendant did not repeat its earlier arguments, and will not in this pleading as those arguments have already been well briefed and are before the Court in other pleadings.

    3.    Finally, the Third Circuit case cited by Plaintiff, *Komninos v. Upper Saddle River Bd. of Educ.*, 13 F.3rd 775 (3rd. Cir. 1994) is not applicable to this case.  Rather, the *Komninos* Court reiterated that "the policy requiring exhaustion of remedies in the Disabilities Education Act is a strong one ...." *Komninos*, 13 F.3rd at 778.  However, the Court then noted that there are limited exceptions to the requirement of exhaustion, citing *Honig v. Doe*, 484 U.S. at 327, 108 S.Ct. at 606 (1988).  Again, Defendant has previously recognized the *Honig* exceptions as well as their

- 2 -

inapplicability to the case at bar. (*See generally* Defendant's Response in Opposition to Plaintiff's Second Motion for Leave to File Third Amended Complaint [docket instrument no. 30], pp. 4-6). While the *Komninos* Court recognized that exhaustion may not be required when exhaustion itself would cause "severe or irreparable harm" to a litigant, the Court explained that such a finding could only be made in an emergency situation. *Komninos*, 13 F.3rd at 778-79. The *Komninos* Court also stated that, while it would adopt an emergency situation exception to the exhaustion requirement, it "caution[ed] that it is to be sparingly invoked." *Komninos*, 13 F.3rd at 779. Following *Komninos*, courts have rarely found the emergency situation exception to apply when litigants have urged the exception. *See, e. g., Rose v. Yeaw*, 32 IDELR ¶ 199 (1st Cir. 2000) (emergency situation exception did not apply where parents claimed irreparable harm would be inflicted on the student in the form of "ill health effects" and asthma-related absences if the federal court did not immediately act to prevent student from being transferred to a particular campus); *Koopman v. Fremont County Sch. Dist. No. 1*, 911 P.2d 1049, 1053-54 [107 Ed. Law Rep. 310, 314-15] (Wyo. 1996) (while recognizing *Komninos*, the court held no exception to the exhaustion requirement was shown even though plaintiffs claimed the student had already been deprived of educational benefit and the only remedy sought was damages).

4.    An emergency situation is certainly not present in this case. Indeed, the District is not even pursuing a re-evaluation of the minor Plaintiff in this case because there no longer exists a pending special education administrative proceeding in which the re-evaluation is an issue. There simply is no severe or irreparable harm Plaintiff can articulate.

5.    Moreover, even if Plaintiff could articulate sufficient facts to satisfy one of the limited exceptions to the mandatory requirement of exhaustion of administrative remedies [which he

ClibPDF - www.fastio.com

cannot], he would still bear the burden of proving the exception. *See Thomas v. East Baton Rouge Parish School Bd.*, 29 F. Supp.2d 337, 339 (M.D. La. 1998). Indeed, courts have required exhaustion under the Individuals with Disabilities Education Act (IDEA) even when litigants have brought causes of action under § 504 of the Rehabilitation Act of 1974, constitutional claims pursuant to the remedy provided by 42 U.S.C. § 1983, and/or the Americans with Disabilities Act (ADA) instead of or in addition to claims under IDEA *See, e.g., Weber v. Cranston Sch. Comm.*, 212 F.3d 41 (1st Cir. 2000) (district court's dismissal for failure to exhaust administrative remedies affirmed where parent brought claims against school district and individuals for retaliation, constitutional violations, and statutory violations ); *Babicz v. School Bd.*, 135 F.3d 1420, 1422 (11th Cir. 1998), *cert. denied*, 525 U.S. 816, 119 S. Ct. 53 (1999) (dismissal for lack of subject matter jurisdiction affirmed because litigant failed to exhaust administrative remedies pursuant to IDEA before bringing suit under § 504 and/or the ADA), *citing Hope v. Cortines*, 69 F.3d 687 (2d Cir. 1995) and *Charlie F. v. Board of Educ.*, 98 F.3d 989 (7th Cir. 1996).

6.    The requirement of exhaustion of administrative remedies is well-grounded in both the law and public policy. As courts have noted, among the ample policy reasons supporting the mandate of exhaustion are: (1) to allow an opportunity for the administrative agency to apply its expertise; (2) to allow an opportunity to avoid excessive litigation by reaching an administrative remedy; and (3) to provide an opportunity for the administrative agency to develop a record of technical and factual issues, which is crucial for the court's proper review and exercise of deference. *See Prins v. Independent Sch. Dist. No. 761*, 23 IDELR 544 (D. Minn. 1995), *citing Ass'n for Community Living v. Romer*, 992 F.2d 1040, 1043(10th Cir. 1993). In practice, courts have rarely found that the limited exceptions to the exhaustion requirement actually applied, despite the

- 4 -

acknowledgment of the existence of exceptions and plaintiffs' reliance on exceptions. *See, e.g., Rose v. Yeaw,* 32 IDELR ¶ 199 (1st Cir. 2000) (emergency situation exception did not apply where parents claimed irreparable harm would be inflicted on the student in the form of "ill health effects" and asthma-related absences if the federal court did not immediately act to prevent student from being transferred to a particular campus); *Benik v. Lisle Community Unit Sch. Corp.,* 30 IDELR 124 (N.D. Ill. 1999) (exhaustion was required because the absence of an administrative record was fatal to the district court's ability to review the administrative record and give "'due weight' to the results of the administrative proceedings," even though the failure to complete the administrative hearing was due to the hearing officer's conflict of interest); *Thomas v. East Baton Rouge Sch. Bd.,* 29 F. Supp.2d at 339 (plaintiffs' argument that exhaustion of administrative remedies would be futile or inadequate was not persuasive even though student had graduated from high school and only issue was whether reimbursement was appropriate); *W.L.G. v. Houston County Bd. of Educ.,* 975 F. Supp. 1317, 1327 [121 Ed. Law Rep. 660, 670] (M.D. Ala 1997) (futility or inadequacy exception to exhaustion requirement did not apply even though plaintiff was seeking a remedy beyond the authority of the hearing officer to grant); *Praino v. Board of Educ.,* 25 IDELR 972 (2d Cir.), *cert. denied,* 522 U.S. 888, 118 S. Ct. 222 (1997) (futility was not shown even though portions of the relief sought were beyond the hearing officer's authority to award and non-IDEA causes of action were asserted); *Koopman v. Fremont County Sch. Dist. No. 1,* 911 P.2d at 1053-54 (no exception to the exhaustion requirement was satisfied even though plaintiffs claimed the student had already been deprived of educational benefit and the only remedy sought was damages, in part because an administrative record was necessary). Further, courts have even required exhaustion where the plaintiff was seeking monetary damages under § 504, 42 U.S.C. § 1983, or the ADA in a jurisdiction where it is

unavailable under the IDEA. *See, e.g., Charlie F.*, 98 F.3d at 993; *W.L.G.*, 975 F. Supp. at 1327; *Koopman*, 911 P.2d at 1053-54; *Praino*, 25 IDELR 972; *Pullen v. Botetourt County Sch. Bd.*, 23 IDELR 607 (W.D. Va. 1997) (exhaustion mandated although plaintiffs sought monetary damages for alleged constitutional violations); *Prins v. Independent Sch. Dist. No. 761*, 23 IDELR 544 (D. Minn. 1995) (re-exhaustion mandated when administrative remedies were previously invoked, the administrative case was settled, and plaintiffs alleged a breach of the settlement agreement).

7.      As in each of the cited cases, Plaintiff fails to satisfy any exception to the requirement of the exhaustion. None of the limited exceptions to the requirement of exhaustion of administrative remedies apply to the case at bar. Consequently, Plaintiff is required to exhaust his administrative remedies, and absent exhaustion, this Court lacks jurisdiction over this case.

8.      For these reasons, as well as all the reasons previously briefed by Defendant in other pleadings on file with this Court, which are not reiterated herein for the sake of brevity and conservation of judicial resources, Defendant prays that the Court deny Plaintiff's Second Motion for Leave to File Third Amended Complaint, dismiss this case with prejudice for lack of jurisdiction, and award Defendant its attorneys' fees and costs, together with such other and further relief, both general and specific, at law or in equity, as the Court deems just and proper.

Respectfully submitted,

WALSH, ANDERSON, BROWN,
  SCHULZE & ALDRIDGE, P.C.
P.O. Box 2156
Austin, Texas  78768
TELEPHONE: (512) 454-6864
FACSIMILE: (512) 467-9318


BY: _____
    BRIDGET ROBINSON
    State Bar No. 17086800
    S. Dist. Admission No. 16521

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of March, 2001 a true and correct copy of the above and foregoing pleading was served upon counsel of record by placing same in the United States mail, certified, return receipt requested, postage prepaid and addressed as follows:

William Kimball
Koppel, Ezell, Jackson & Kimball, L.L.P.
312 E. Van Buren
P. O. Box 2878
Harlingen, TX 78550


_____
BRIDGET ROBINSON